# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Civil Action No. 5:23-cv-00451-BO

| | |
|---|---|
| JULIANA LAMBERTUS,<br><br>        Plaintiff,<br>v.<br><br>NUVO SOLUTIONS, INC..<br><br>Defendant. | **JOINT RULE 26(f) REPORT**<br>(Fed. R. Civ. P. 26(f)) |

**1)** Pursuant to Fed. R. Civ. P. 26(f), counsel for both parties conducted a conference by telephone on October 13, 2023, which was attended by: Catharine E. Edwards, attorney for Plaintiff, and Jeffrey R. Whitley, attorney for Defendant, whereupon the parties agreed to submit this Joint Rule 26(f) Report.

**2)** **Motion to Stay.** As a threshold matter, on October 19, 2023, Defendant filed a motion to stay discovery pending the outcome of the current motion for judgment on the pleadings. Defendant has agreed to the proposed discovery schedule below to the extent the Court does not grant the motion to stay. To the extent the Court grants the motion to stay, Defendant proposes the same proportional timeline for discovery, with the date of the Court's ruling on the motion for judgment on the pleadings as the commencement of discovery, and all timelines herein adjusted to provide the same duration for discovery based on the revised date for commencement of discovery. Plaintiff opposes any stay of discovery in this matter, and will oppose Defendant's motion in due course.

**3)** **Initial Disclosures.** The parties will complete by November 10, 2023, the initial disclosures required by Rule 26(a)(1).

**4)** **Discovery Plan.** The parties jointly propose to the court the following discovery plan: Discovery will be needed on all subjects reasonably calculated to lead to the discovery of admissible evidence with respect to the lawsuit, including but not limited to at least the following subjects:

(a) The facts and circumstances surrounding the claims and allegations contained in Plaintiff's Complaint; Plaintiff's alleged damages; Defendant's defenses as set forth in the Answer and any other defenses that may become applicable during discovery; any expert disclosures; and other issues raised by the pleadings.

(b) All discovery, including fact and expert discovery, will be completed by October 30, 2024.

(d) Each party may serve no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be sought by motion to the Court.

(e) A maximum of 25 requests for admission may be propounded by each party upon any other party.

(f) Each party is limited to taking no more than 10 depositions. Leave to schedule additional depositions may be sought by motion to the Court.

(g) Each deposition is limited to a maximum of seven (7) hours total, whether the deposition is completed in one or more days, unless extended by agreement of the parties.

(h) The parties shall exchange reports of expert witnesses, if any, pursuant to Rule 26(a)(2) as follows:

I. Plaintiff shall provide Defendant with his expert reports by June 15, 2024.

II. Defendant shall provide Plaintiff with its expert reports by July 15, 2024.

III. Plaintiff must seek leave of court before filing a reply to Defendant's expert(s) reports.

IV. The Parties shall conduct depositions of experts, if any, in the period from June 15, 2024 to the end of the discovery period.

(i) Supplementations under Rule 26(e) are due as soon as practicable, but not more than fourteen (14) days after the party obtains knowledge that a discovery response should be supplemented. If supplementation is required after the completion of discovery, such supplementation shall be made as soon as reasonably possible.

(j) The Parties agree to exchange discovery electronically, unless any particular response makes doing so impractical, and that email service of discovery requests and responses shall constitute good service.

(k) Electronic Discovery: The Parties anticipate seeking disclosure or discovery of electronically stored information. Should a request for production seek discovery of electronically stored information, then the following provisions shall apply:

The parties anticipate discovery of electronically stored information and have agreed to the following protocol:

I. **Scope**

a. <u>General.</u> The procedures and protocols outlined herein govern the production of documents and electronically stored information ("ESI")

by all Parties.

b. <u>Objective</u>.  This Protocol is designed and shall be interpreted to ensure that, subject to any objections by the Party producing documents or ESI ("Producing Party"), responsive, non-privileged documents and ESI are to be produced by the Producing Party, to the extent reasonably practicable, with a minimum of unnecessary costs. The terms of this Protocol shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information. Nothing in this document is intended to be an exhaustive list of discovery obligations or rights of a Producing Party or the Party requesting the documents or ESI ("Requesting Party"). This Protocol shall not enlarge the scope of discovery as imposed by the rules governing this matter, court orders, or as agreed to between the Parties.

c. <u>Limitations and Non-Waiver.</u>  By establishing and complying with this Protocol, the Parties and their representatives do not waive, but rather preserve all rights to any protection or privilege, including without limitation, the attorney-client privilege or attorney work product protection. All documents produced hereunder are fully protected and covered by any protective orders entered by the Court in this matter.

d. <u>Cooperation Proclamation.</u> The parties agree to work collaboratively and in good faith regarding the production of ESI.  The parties agree to preserve originals of documents or other information that are produced

through the course of litigation, including ESI. The parties agree to work together to reach agreement on limits to the scope of production of ESI, including the use of date restrictions, key word terms, and file types and any other associated protocol, including cost-shifting of expenses, that may render document discovery more manageable at an acceptable cost.

**II.     Identification of Responsive Documents and ESI**

a. <u>Custodians.</u> The Parties agree that the Responding Party is best situated to evaluate the potential custodians likely to have relevant ESI. However, if any Party reasonably believes that there are additional custodians likely to have unique, relevant information, the Parties agree to work together in good faith to investigate potential additional custodians.

b. <u>Culling.</u> The Parties agree that the Responding Party is best situated to evaluate the procedures, methodologies, and technologies appropriate for producing its own ESI. As such, the Responding Party may use search terms, other objective delimiters (such as e-mail domains), and/or technology-assisted review as a means of limiting the volume of documents and ESI to be reviewed for responsiveness. The Responding Party must, however, provide the Requesting Party with the search terms, other objective delimiters and/or technology-assisted review used in culling the materials. The Responding Party may object to the breadth of such methods, and the Parties shall confer in good faith

5

regarding such search terms, other objective delimiters and/or technology-assisted review.

**III.     Production Format**

a. <u>Identification of Not Reasonably Accessible ESI.</u>  To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the specific source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens involved in producing the ESI.

b. <u>Text Capture/OCR.</u> For each ESI file produced, the parties will produce the file in a text-searchable format, where practicable.

c. <u>Production of Native Files.</u> The parties agree to produce Excel files in native format.  The parties agree that if any receiving party would like other files produced in native format that they will meet and confer to discuss that request.  To the extent possible, parties will produce electronic documents in the following format:

    i.    ESI shall be produced in a manner that does not break up document families (such as email and attachments), but the original ESI shall be preserved.  ESI should be produced in single-page TIFF format with accompanying load files.

    ii.    A load file containing the OCR path and the metadata fields identified below, the first line of which should include the field names of the fields being produced.  The parties will

provide to each other a delimited text load file, an Excel spreadsheet load file, a Concordance load file, a Summation load file, or a WayPoint load file. The parties agree to work together to determine the most convenient type of load file for their respective productions.

  iii. Except with regard to native productions, bates numbers shall be endorsed on the face of the image.

  iv. To the extent that any of the following metadata fields associated with all applicable documents are available, the Producing Party will produce those metadata fields to the Requesting Party:

| Field | Description |
| --- | --- |
| Production Beginning Bates Number | The Bates label of the first page of the document. |
| Production Ending Bates Number | The Bates label of the last page of the document. |
| Production Beginning Attachment | The Bates label of the first page of a family of documents (e.g., email and attachment). |
| Production Ending Attachment | The Bates label of the last page of a family of documents (e.g., email and attachment). |
| Attachment Count | The number of attachments to an email |
| File Name | The filename of an attachment or stand-alone efile. |
| Original File Path | Path where original native document was stored |
| Custodian | The custodian(s) of the document. |

| | |
|---|---|
| AllCustodians | List of all custodians in possession of the document in the event that global deduplication was used during processing. |
| Page Count | The number of pages of the document. |
| File Extension | The original filename extension suffix (e.g., .doc, .pps., .jpeg, .txt, .xls). |
| Email Subject | The subject of an email. |
| Date Sent | For email, the sent date of the message. |
| Time Sent | For email, the sent time of the message. |
| Date Received | For email, the receive date of the message. |
| Time Received | For email, the receive time of the message. |
| Date Created | For efiles or attachments, the document's creation date or operating system creation date. |
| Time Created | For efiles or attachments, the document's creation time or operating system creation time. |
| Date Modified | For efiles or attachments, document's last modified date or operating system last modified date. |
| Time Modified | For efiles or attachments, the document's last modified time or operating system last modified time. |
| Author | The author of a stand-alone efile or attachment. |
| From | The sender of an email message |

| | |
|---|---|
| To | The recipients of an email message, in a semicolon delimited multi-value list. |
| CC | The copyee(s) of an email message, in a semicolon delimited multi-value list. |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list. |
| MD5 | The calculated MD5 hash value of the document |
| Conversation Index | Email thread identification |
| File Size (bytes) | Size of native file document/email in bytes |
| Processing Time Zone | The time zone in which the documents were standardized during processing |
| Relative Path to Native File | The file path to the location of the native file if produced natively. |
| Relative Path to Text File | The file path to the location of the extracted text or OCR text file |
| Confidentiality Designation | The confidentiality designation, if any, for the document pursuant to any protective order in the case. |

d. <u>Paper Documents.</u> The parties agree that unless otherwise requested by a party, any paper documents produced in this action should be delivered in portable document format ("PDF") or, where not practicable, in hardcopy.

9

### IV. Assertions of Privilege

a. To limit the cost of a privilege review and make document production more efficient, the Parties have agreed to adopt the following protocol with respect to handling responsive documents or ESI that may include privileged information. For purposes of this Protocol, "Outside Counsel" is defined as any attorney that represents a Party in the case at bar and does not include any attorneys or communications that relate to any matter other than the case at bar.

i. <u>Communications with Outside Counsel.</u> The Parties agree that no Party is required to list communications on a privilege log solely between a Party and its counsel regarding the pending litigation, or with respect to information protected by N.C. R. Civ. P. 26(b)(4) or BCR 10.8, related to consulting or testifying experts.

ii. <u>Outside Counsel Work-Product.</u> The Parties agree that no Party is required to list on a privilege log privileged materials or work product created or received by its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to information protected by N.C. R. Civ. P. 26(b)(4) or BCR 10.8, testifying experts. This provision does not extend to the attachments of privileged or work product emails, unless the attachment has

an independent basis to qualify for privilege or work product protection.

iii. <u>Redacted Documents.</u> Redacted documents need not be logged if:

1. the reason for the redaction and any other information that would otherwise appear on a log is readily discernable from the remaining unredacted information on the face of the document;

2. The redacted information is personally identifying information such as birth dates, social security numbers and the like; and,

3. the bibliographic and/or header information (to, from, subject etc.) is not redacted.

b. Parties shall generate a listing of all other withheld or redacted documents and ESI in electronic spreadsheet or similar format in compliance with Fed. R. Civ. P. 26(b)(5).

c. Each Party's privilege log does not need to provide objective metadata.

**V. General Provisions**

a. <u>Modification.</u> To the extent compliance with this Protocol imposes an undue burden with respect to any procedure, source, or search term listed herein, the Parties shall promptly confer in an effort to resolve the issue. Any practice or procedure set forth herein

11

may be varied by agreement of the Parties, which will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of electronic data. Any Party that seeks to deviate from or exceed the discovery limits set forth herein must obtain leave of the Court to do so unless all Parties otherwise consent in writing.

5) **Other Items:**

(a) The parties do not request to meet with the Court before the Court enters a scheduling order.

(b) The parties agree to a pre-trial conference as scheduled by this Court in accordance with Local Civil Rule 16.1(a).

(c) Plaintiff may amend her pleadings or join additional parties until December 10, 2023.

(d) Defendant may amend its pleadings or join additional parties until January 10, 2024.

(e) All potentially dispositive motions shall be filed by November 30, 2024.

(f) This matter is unlikely to settle.

(g) The parties agree to conduct mediation no earlier than **midway** through the discovery period, the exact date to be set by the mediator after consultation with the parties. The mediation shall be conducted by Patricia Holland.

(h) The parties will submit Rule 26(a)(3) pretrial disclosures at least twenty-eight (28) days before the date set for trial by this Court.

(i) The parties will file and serve objections, if any, to the Rule 26(a)(3)

pretrial disclosures within twenty-one (21) days after such disclosures are made.

(j) The parties shall submit to the court at least seven (7) days prior to the final pretrial conference a proposed final pretrial order as required by Local Civil Rule 16.1 E.D.N.C.

(k) This action will be set for trial by separate order of United District Court Judge Terrance W. Boyle. Pursuant to the August 20, 2002, Standing Order entered by Chief Judge Boyle, the court reserves the right to schedule the case for trial as early as thirty (30) days after the dispositive motion deadline.

(l) This case should be ready for trial by February 24, 2025, and at this time is expected to take approximately two (2) to four (4) days.

**5.** The parties do not agree to referral to a magistrate judge at this time.

Respectfully submitted this the 19th day of October, 2023.

| | |
|---|---|
| */s/ Catharine E. Edwards (with permission)* | */s/ Jeffrey R. Whitley* |
| Catharine E. Edwards | George J. Oliver |
| N.C. State Bar No.: 52705 | NC State Bar No. 5774 |
| cee@eblaw.com | jerryoliver@foxrothschild.com |
| **Edwards Beightol, LLC** | Jeffrey R. Whitley |
| P.O. Box 6759 | NC State Bar No., 46497 |
| Raleigh, NC 27628 | jwhitley@foxrothschild.com |
| Telephone: 919-636-5100 | FOX ROTHSCHILD LLP |
| Facsimile: 919-495-6868 | 434 Fayetteville Street, Suite 2800 (27601) |
| | Post Office Box 27525 |
| *Attorney for Plaintiff* | Raleigh, North Carolina 27611 |
| | Telephone: (919) 755-8700 |
| | Facsimile: (919) 755-8800 |
| | |
| | *Attorneys for Defendant* |