IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:23-CV-00451

| | |
|---|---|
| JULIANA R. LAMBERTUS,<br><br>Plaintiff,<br><br>v.<br><br>NUVO SOLUTIONS, INC.,<br><br>Defendant. | **DEFENDANT'S MOTION IN LIMINE** |

Defendant Nuvo Solutions, Inc. ("Defendant" or "Nuvo"), pursuant to Local Rule 39.1, hereby move in limine to exclude the following evidence or issues:

1. **Issues requiring termination**. Nuvo moves to exclude the submission of any issue dependent on a termination to the jury, as Lambertus resigned. Thus, even if she claims that she was constructively discharged, Lambertus cannot recover on any claim for which termination is a necessary element. For example, Lambertus should be precluded from submitting the issue of wrongful termination in violation of public policy to the jury, because "North Carolina law does not recognize a claim for wrongful constructive discharge in violation of public policy." *See Batchelor v. City of Wilson*, 747 F.Supp.3d 845 (2024); *accord Cortes v. McDonald's Corp.*, 955 F.Supp. 539 (1996) (a claim of wrongful discharge "is only actionable in North Carolina if employee is in fact discharged.").

2. **Front Pay**. Nuvo moves to exclude the submission of front pay as an element of damages to the jury on any claim, or any testimony or argument regarding front pay as compensatory damages to be decided by the jury under Rules 402 and 403. Front pay is an

equitable remedy to be determined by the court. *Hunter v. Town of Mocksville, N. Carolina*, 897 F.3d 538, 563 (4th Cir. 2018) ("[W]e have long recognized that front pay 'is an equitable remedy best determined by the district court rather than the jury.'"). Thus, such evidence is not relevant under Rule 402. Moreover, because Lambertus was employed at will and could be terminated at any time, any suggestion of front pay for a period in the future would be pure speculation. Further, under Rule 403, permitting any testimony or argument to reference front pay would confuse the jury and prejudice Nuvo by suggesting that the jury can or should quantify such amounts.

3. **Compensatory or punitive damages for Title VII claims**. Nuvo moves to exclude the submission of any issue, evidence, testimony, or argument regarding compensatory or punitive damages for the Title VII discrimination or retaliation claims, pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence. "The great weight of authority denies compensatory and punitive damages under Title VII." *Simmons v. Marsh*, 917 F.2d 23 (4th Cir. 1990). Thus, Plaintiff's submission of such evidence is not relevant to the Title VII claims, and is likely to confuse and mislead the jury and unfairly prejudice Nuvo.

4. **Emotional distress evidence**. Nuvo moves to exclude any evidence, testimony, or argument regarding "emotional distress" as an element of damages on any claim, pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, and Rules 402 and 403 of the Federal Rules of Evidence. Nuvo requested documentation of any mental health condition or other evidence of emotional distress in discovery, but Plaintiff did not produce any such records from any mental health professionals. It would be unfairly prejudicial to now permit Plaintiff to present evidence of alleged emotional distress while not permitting Nuvo the opportunity to conduct complete discovery on that issue.

5. **Failure to pay bonuses or provide company car as "adverse employment actions."** Nuvo moves to exclude evidence, testimony, or argument that Nuvo's alleged failure to pay a $20,000 bonus in 2022 or provide a company car constitutes an adverse employment action. These discretionary fringe benefits cannot serve as the basis of an adverse employment action. *See Freeman v. N. State Bank*, No. 5:03-CV-916-BO, 2007 U.S. Dist. LEXIS 97929, at *5 (E.D.N.C. Feb. 20, 2007); *accord Lewis v. City of Chicago*, 496 F.3d 645, 653-54 (7th Cir. 2007) (explaining that bonuses are "sporadic, irregular, unpredictable, and wholly discretionary on the part of the employer.").

6. **Failure to provide company car as violation of NCWHA**. Nuvo moves to exclude any evidence, testimony, or argument that Nuvo's alleged failure to provide a company car constitutes a failure to pay wages due and owing under the North Carolina Wage and Hour Act. A company car does not fall with in scope of wages as defined by the statute. N.C.G.S. § 95-25.2. Nor can Plaintiff forecast a pattern or practice of Nuvo providing such benefits.

7. **Testimony by Lambertus of compensation of other employees**. Nuvo moves to exclude any testimony by Lambertus of the amount of compensation of other employees. Lambertus testified that she did not recall other employees' compensation at deposition, and would rely on Nuvo's corporate payroll records. Therefore, it would be misleading and unreliable to allow her to testify to amounts contrary to Nuvo's documentary evidence.

8. **Testimony of "complaining" or "reporting" other than that produced in discovery**. Nuvo moves to exclude any evidence, testimony, or argument by Lambertus of reporting or complaining of alleged Title VII or NCWHA violations in writing other than communications produced in discovery, if any.

9. **Testimony or argument regarding the "unlawfulness" of Nuvo's paid time off practices**. Nuvo moves to exclude any testimony, argument, or other suggestion that Lambertus reported an "unlawful" PTO practice by Nuvo. Lambertus is not qualified to determine Nuvo's compliance with the law, and she did not designate an expert witness to form such an opinion.

This, the 29th day of December 2025.

> FOX ROTHSCHILD LLP
>
> /s/ Jeffrey R. Whitley
> Jeffrey R. Whitley
> NC State Bar No. 46497
> jwhitley@foxrothschild.com
>
> 301 Hillsborough Street, Ste. 1120
> Raleigh, North Carolina 27603
> Telephone: (919) 755-8700
> Facsimile: (919) 755-8800
>
> *Attorneys for Defendant Nuvo Solutions*