IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:23-CV-00451

JULIANA R. LAMBERTUS,

    Plaintiff,

v.

NUVO SOLUTIONS, INC.,

    Defendant.

**DEFENDANT'S
LOCAL RULE 39.1 MEMORANDUM**

Pursuant to Local Rule 39.1, Defendant Nuvo Solutions, Inc. ("Nuvo") submits this pretrial memorandum regarding disputed evidentiary and legal issues.

## ARGUMENT

### I. ISSUES REQUIRING "TERMINATION" AS NECESSARY ELEMENT.

As a categorical matter, Lambertus is barred from seeking any damages under her claim for wrongful termination in violation of public policy because she resigned and was not terminated. North Carolina law does not recognize a claim for wrongful *constructive* discharge in violation of public policy. *See Batchelor v. City of Wilson*, 747 F.Supp.3d 845 (2024). In other words, the tort of wrongful discharge "is only actionable in North Carolina if employee is in fact discharged." *Cortes v. McDonald's Corp.*, 955 F.Supp. 539 (1996). Submitting an issue of "wrongful discharge" to the jury would not be relevant under Rule 402, and would be likely to confuse the jury and unfairly prejudice Nuvo under Rule 403.

## II. FRONT PAY.

Lambertus should be prohibited from submitting the issue of front pay as an element of damages for any claim. Front pay is an equitable remedy to be determined by the court. *Hunter v. Town of Mocksville, N. Carolina*, 897 F.3d 538, 563 (4th Cir. 2018) ("[W]e have long recognized that front pay 'is an equitable remedy best determined by the district court rather than the jury.'"). Thus, such evidence is not relevant under Rule 402. Moreover, because Lambertus was employed at will and could be terminated at any time, any suggestion of front pay for a period in the future would be pure speculation. *See, e.g., Kolb v. Goldring, Inc.*, 694 F.2d 869 (1st Cir.1982) (holding that, in the absence of expert testimony, plaintiff's presentation of patterns of past pay increase or future raises was too speculative). Further, under Rule 403, permitting any testimony or argument to reference front pay would confuse the jury and prejudice Nuvo by suggesting that the jury can or should quantify such amounts.

## III. COMPENSATORY OR PUNITIVE DAMAGES.

The court should exclude the submission of any issue, evidence, testimony, or argument regarding compensatory or punitive damages for the Title VII discrimination or retaliation claims, pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence. "The great weight of authority denies compensatory and punitive damages under Title VII." *Simmons v. Marsh*, 917 F.2d 23 (4th Cir. 1990); *see also Rhoads v. F.D.I.C.*, 94 Fed.Appx. 187, 188 (4th Cir.2004) ("Rhoads' claim that she was entitled to recover compensatory and punitive damages in her trial for violation of the ADA's anti-retaliation provision fails because such relief is unavailable."). Thus, Plaintiff's submission of such evidence is not relevant to the Title VII claims under Rule 402, and is likely to confuse and mislead the jury and unfairly prejudice Nuvo under Rule 403.

## IV. EMOTIONAL DISTRESS EVIDENCE.

The court should exclude any evidence, testimony, or argument regarding "emotional distress" as an element of damages on any claim, pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, and Rules 402 and 403 of the Federal Rules of Evidence. Nuvo requested documentation of any mental health condition or other evidence of emotional distress in discovery, but Plaintiff did not produce any such records from any mental health professionals. It would be unfairly prejudicial to now permit Plaintiff to present evidence of alleged emotional distress while not permitting Nuvo the opportunity to conduct complete discovery on that issue.

## V. FAILURE TO PAY BONUSES OR PROVIDE COMPANY CAR AS ADVERSE EMPLOYMENT ACTIONS.

Lambertus' Title VII retaliation claim is premised primarily on her suspension and her resignation as the purported adverse employment actions. However, to the extent that she asserts that Nuvo "retaliated" against her by failing to pay the $20,000 bonus or provide the company car discussed at the Valentines Day meeting, the court should prohibit any evidence, testimony, or argument that such conduct constitutes an adverse employment action. It is undisputed that bonuses and a company car are not part of Lambertus' base compensation. Moreover, it is undisputed that bonuses, as with all company benefits, are entirely discretionary. Discretionary bonuses or other fringe benefits cannot serve as the basis of an adverse employment action. *See Freeman v. N. State Bank*, No. 5:03-CV-916-BO, 2007 U.S. Dist. LEXIS 97929, at *5 (E.D.N.C. Feb. 20, 2007); accord Lewis v. City of Chicago, 496 F.3d 645, 653-54 (7th Cir. 2007) (explaining that bonuses are "sporadic, irregular, unpredictable, and wholly discretionary on the part of the employer."). Thus, Plaintiff's submission of such evidence is not relevant to these claims under Rule 402, and is likely to confuse and mislead the jury and unfairly prejudice Nuvo under Rule 403.

## VI. COMPANY CAR AS A "WAGE" UNDER THE NCWHA.

Lambertus should not be permitted to present the issue of a company car to the jury as an alleged violation of failure to pay wages under the Wage & Hour Act. Under the statute, "wage[s]" are defined as "compensation for labor or services rendered by an employee" including "sick pay, vacation pay, severance pay, commissions, bonuses and other amounts promised when the employer has a *policy or practice* of making such payments. N.C.G.S. § 95-25.2. In other words, the statute only recognizes monetary amounts as "wages" – not a fringe benefit such as use of a company car.[1]

There is no written agreement for Nuvo to provide a company car to Lambertus. Nor can Lambertus forecast any evidence of a "policy and practice" of providing a company car—because Nuvo has not ever provided a company vehicle to any other non-owner employee. Further, Lambertus testified that the purported company car would be a company asset, not part of her remuneration.

Thus, under the plain language, the statute simply does not recognize Lambertus' claim of a violation of the Wage & Hour Act for alleged failure to provide a company car.

While it does not appear that North Carolina state and federal courts have addressed the issue directly, other courts have correctly concluded that the use of a company car is not a "wage" for purposes of enforcing laws regarding employee compensation. *See*, *e.g.*, *Marshall v. Allen-Russell Ford, Inc.*, 488 F. Supp. 615, 617 (E.D. Tenn. 1980) (employees' use of employer's demonstrator cars for personal use was not "wage" under Fair Labor Standards Act).

---

[1] Compare the text of the NCWHA and the Equal Pay Act, for example, which explicitly includes fringe benefits such as "uniform cleaning allowance, hotel accommodations, use of company car, [and] gasoline allowance" as "wages." *See* 29 C.F.R. § 1620.10. The stark contrast in language between these two statutes confirms that the use of a company car is not contemplated by the NCWHA.

## VII. LAMBERTUS' TESTIMONY OF COMPENSATION OF OTHER EMPLOYEES.

The court should exclude any testimony by Lambertus of the amount of compensation of other employees. Lambertus testified that she did not recall other employees' compensation at deposition, and would rely on Nuvo's corporate payroll records. Therefore, it would be misleading and unreliable under Rule 403 to allow her to testify to amounts contrary to Nuvo's documentary evidence.

## VIII. TESTIMONY CONFLICTING WITH OR SUPPLEMENTING DOCUMENTS PRODUCED IN DISCOVERY, INCLUDING "COMPLAINTS" OR "REPORTS".

The court should exclude any evidence, testimony, or argument by Lambertus of reporting or complaining of alleged Title VII or NCWHA violations in writing other than communications produced in discovery, if any. Lambertus testified that all such complaints or reports in writing had been produced. It would be unfairly prejudicial under Rule 403 to allow Lambertus to suggest that other written reports or complaints exist that were not produced in discovery.

## IX. TESTIMONY REGARDING LEGALITY OF NUVO'S PRACTICES.

The court should exclude any testimony, argument, or other suggestion that Lambertus reported an "unlawful" practice by Nuvo regarding paid time off. Lambertus is not qualified to determine Nuvo's compliance with the law, and she did not designate an expert witness to form such an opinion. It would be confusing and misleading to the jury, and unfairly prejudicial to Nuvo, to allow Lambertus or any other witness to characterize Nuvo's practices as "unlawful."

5

180664872.1

Case 5:23-cv-00451-BO-RJ    Document 55    Filed 12/29/25    Page 5 of 6

This, the 29th day of December 2025.

> FOX ROTHSCHILD LLP
>
> */s/ Jeffrey R. Whitley*
> Jeffrey R. Whitley
> NC State Bar No. 46497
> jwhitley@foxrothschild.com
>
> 301 Hillsborough Street, Ste. 1120
> Raleigh, North Carolina 27603
> Telephone: (919) 755-8700
> Facsimile: (919) 755-8800
>
> *Attorneys for Defendant Nuvo Solutions*